UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANTANA CLARK,

        Plaintiff,

v.                                                  Case No. 3:23-cv-412-BJD-LLL

FLORIDA DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Santana Clark, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.), a motion to appoint counsel (Doc. 2), and a motion to proceed *in forma pauperis* (Doc. 3). Plaintiff names one Defendant in his complaint: The Florida Department of Corrections (FDOC)/Suwannee Correctional Institution (SCI).[1] Compl. at 1, 2. He alleges SCI is "using pinnacle gland eyes to experiment on inmates such as [himself]." *Id.* at 4, 5. He contends the "experiments," which happen year-round in the close management unit, are causing him to have heart problems and PTSD. *Id.* at 5-6. He seeks monetary relief, to be removed

---

[1] In the caption, Plaintiff lists the Defendant as the FDOC, but in the list of Defendants in section I.B., he lists the Defendant as SCI, with "FDOC" in parentheses. Compl. at 1, 2. He names no individual as a Defendant.

from close management, "compassionate release," and to have "[a]ll gain time restored." *Id.* at 7.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)

(quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se. Iqbal*, 556 U.S. at 678. But, unlike Rule 12(b)(6), the PLRA permits judges "the authority . . . to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," or those that can be described as "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted) (quoting in part *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In other words, when assessing the sufficiency of a complaint under the PLRA, a court is not bound "to accept without question the truth of [a prisoner's] allegations" when those allegations are of the "fanciful, fantastic, and delusional" variety. *Id.* at 32.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. Plaintiff fails to state a plausible claim for relief because his sole Defendant—the FDOC or SCI—is not a "person" amenable to suit for damages under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (noting the State is not a "person[] under § 1983"); *Gardner v. Riska*, 444 F. App'x 353,

355 (11th Cir. 2011) ("As the [Department of Corrections (DOC)] is a state agency, and thus not a person within the meaning of § 1983, [Plaintiff's] § 1983 claim for damages against the DOC is frivolous.").[2] Moreover, to the extent Plaintiff contends unnamed prison officials are conducting "experiments" on the "pinnacle gland" of a certain sub-class of inmates, his allegations appear "clearly baseless." *See Denton*, 504 U.S. at 32.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September 2023.

                                              BRIAN J. DAVIS
                                              United States District Judge

Jax-6
c:    Santana Clark

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).